IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIANDRA HIGGINS,                          )
                                          )
    Plaintiff,                      )
                                          )
v.                                        )          Case No. 20-cv-456-RJD
                                          )
MICHAEL LAZANTE, et al.,                  )
                                          )
    Defendants.                     )
                                          )

**ORDER**

**DALY, Magistrate Judge:**

    This matter is before the Court on Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Doc. 53).   For the reasons set forth below, the Motion is **GRANTED**.

**Background**

    Plaintiff Tiandra Higgins initiated this action on May 14, 2020 alleging violations of the Fourth and Fourteenth Amendments.   Plaintiff is currently proceeding on her First Amended Complaint alleging Defendants used excessive force against her and acted with deliberate indifference to her health and safety while she was detained at the St. Clair County Jail in September 2018.   Plaintiff is proceeding in this action against Defendants Michael Lazante, Eric Walter, Ashley Burns, Steven Herndon, Charles Germaine, Rick Watson in his official capacity, and Tammy Grime in her official capacity.   St. Clair County, Illinois is named as a defendant for purposes of indemnification.

    In her proposed second amended complaint, Plaintiff makes various modifications to her first amended complaint, most of which are not particularly substantive.   Plaintiff does, however, include an additional claim against Watson and Grimes under *Monell* in Count Six.   Plaintiff seeks

Page **1** of **4**

to include the following as a basis for a policy or procedure claim against these jail officials:

> Defendants … created and implemented a custom, policy or procedure that requires detainees placed in the quiet room to strip naked and replace their clothes with jail garb even when the jail garb is more durable and could more easily be used to commit suicide or self-harm.

Plaintiff filed a motion for leave to file a second amended complaint that was denied on May 10, 2021.   The undersigned found that Plaintiff had not presented good cause to seek leave to amend beyond the deadline to do so.

In the amended motion for leave to amend, Plaintiff's counsel explains he was not able to adequately determine whether there was cause to add the above-mentioned policy claim until he was able to depose Defendant Ashley Burns on March 2, 2021.   Plaintiff explains the policy claim she is seeking to add relates to an altercation at the Jail in which Defendant Burns forced Plaintiff to disrobe pursuant to jail policy before being placed in the "quiet room," and Plaintiff did not immediately comply.   Plaintiff explains that until Defendant Burns' deposition, she was unable to determine if Burns could offer a rational explanation for the jail policy.

Defendants object to Plaintiff's amended motion for leave.   Defendants again assert that Plaintiff's motion is untimely, and the proposed second amended complaint is prejudicial as it attempts to expand the scope of this litigation.   Defendants argue the claim Plaintiff seeks to add is a policy claim under *Monell*, and, as such, it is not directed at Defendant Burns and there is no indication Burns was involved in the purchase of jail garb or the creation of the policy at issue. Defendant also remarks that there are no factual allegations tying Plaintiff's claims of excessive force to a broader policy or custom.   In support of this argument, Defendants reference their motion to dismiss that was mooted upon Plaintiff's filing of an amended complaint (*see* Doc. 25).
.

Page **2** of **4**

**Discussion**

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires."   The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities."   *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).   The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant."   *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted).   A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility.   *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In considering Defendants' argument that Plaintiff's motion to amend is untimely, the undersigned must look to the similarity of the factual basis for the claims in the original complaint to the newly-asserted claims, the moving party's explanation for their delay in raising the new claims, and whether granting the motion to amend will require new or duplicated discovery efforts. *See, e.g., Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861-62 (7th Cir. 2001).   Delay alone, however, "is usually not sufficient to deny a motion for leave to amend," *Arrigo v. Link*, 836 F.3d 787, 797 (7th Cir. 2016).   Indeed, delay "must be coupled with some other reason" — typically, prejudice to the nonmoving party.   *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004).

The deadline for seeking leave to amend was October 28, 2020 (*see* Doc. 27).   Although

the Court enforces the deadlines it sets, Federal Rule of Civil Procedure 16(b)(4) allows for modification of a schedule for good cause.   Plaintiff has provided an adequate explanation for her delay in seeking to amend — that she was unable to discern whether there was a rational explanation for the policy at issue until Defendant Burns was deposed on March 2, 2021.   Further, it does not appear that allowing the amendment will unduly increase discovery.

With regard to Defendants' argument that there are no factual allegations tying Plaintiff's claims of excessive force to a broader policy or custom, the Court finds such an argument would be better suited for a motion to dismiss that can be fully briefed by the parties.

### Conclusion

Based on the foregoing, Plaintiff's Amended Motion for Leave to File Second Amended Complaint (Doc. 53) is **GRANTED**.   Plaintiff is **ORDERED** to file her proposed second amended complaint as the Second Amended Complaint by **August 13, 2021**.

**IT IS SO ORDERED.**

**DATED: August 10, 2021**

_s/  Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**